# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DEBORAH MORRIS,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | Civ. No.: MJM-23-3504 |
| v. | * | |
| | * | |
| **CITY OF BALTIMORE,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

This matter is before the Court on the Mayor and City Council of Baltimore's ("City") Motion to Dismiss or in the Alternative for Summary Judgment ("Motion to Dismiss"), ECF No. 10, and Deborah Morris's ("Plaintiff") Motion for Leave of Court to File Document, ECF No. 16. Both Motions are fully briefed and ripe for disposition. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Court shall deny Plaintiff's Motion for Leave of Court to File Document and grant the City's Motion to Dismiss.

## I.  BACKGROUND

In her complaint filed on December 27, 2023, Plaintiff alleges violations of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and the Fair Housing Act. ECF No. 1, ¶ 1. However, in its Motion to Dismiss, Defendant points out that the complaint is copied and pasted almost word-for-word from a complaint filed by a non-profit organization against Chicago, *Access Living of Metropolitan Chicago, Inc. v. City of Chicago*, 1:18-cv-03399

(N.D. Ill. filed May 13, 2018) ("the Chicago Complaint") seeking general relief and directed at Chicago's housing scheme. ECF No. 12 at 1-2.

There are some facts in the complaint that were not copied and pasted. Plaintiff, a resident of Baltimore City, has been a leaseholder in Memorial Apartments, a/k/a Linden Park Apartments, a privately owned building, where she has lived alone since November 2021. ECF No. 1, ¶ 15. Plaintiff's building is a 12-floor, 266-apartment building with 300 other elderly, disabled, and low-income residents. *Id.* ¶ 126. The building is staffed by about three maintenance workers, one site manager, one part-time assistant manager, and a front desk clerk. *Id.* Plaintiff alleges that the building "fail[s] to provide critical services to elderly and disabled people" because the elevators often malfunction; the elevators do not have ventilation, putting those inside in danger when the elevators malfunction; and the elevator malfunctioning leaves residents stranded. *Id.* ¶ 130. Additionally, there are no chair lifts for elderly individuals in case of emergency. *Id.*

Since 2021, Plaintiff has made over 1,000 telephone and written complaints to Baltimore City and the State of Maryland attempting to have the building transformed into accessible housing. *Id.* ¶ 131. Plaintiff filed a suit against her private building, *Morris v. Mem'l Dev. Partners, LP*, Civ. No. JMC-23-01641, 2024 WL 2155050 (D. Md. May 14, 2024), which was dismissed with prejudice.

The City moves to dismiss this matter or, in the alternative, for summary judgment. ECF No. 10. Plaintiff filed a response in opposition to the City's Motion to Dismiss, and the City filed a reply. ECF Nos. 13 & 14. Plaintiff also filed a Motion for Leave of Court to File Document. ECF No. 16.

## II.     STANDARD OF REVIEW

A defendant may challenge a court's subject matter jurisdiction over a case by filing a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiff bears the burden of proving that the court indeed has jurisdiction over the matter. *Demetres v. E.W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015) (citing *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)).

A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 555. When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the

complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

### III. DEFENDANT'S MOTION TO DISMISS

#### A. Defendant is Not a Proper Party.

Plaintiff named the City of Baltimore as the sole defendant in this action. Plaintiff believes that the City of Baltimore is the proper party and not the Mayor and City Council of Baltimore because her Complaint is not directed specifically to the Mayor or the Baltimore City Council. ECF No 13, ¶ 1. However, the City of Baltimore is not an entity subject to suit. The City's Charter establishes "[t]he inhabitants of the City of Baltimore are a corporation, by the name of the 'Mayor and City Council of Baltimore,' and by that name shall have perpetual succession, may sue and be sued . . . ." Baltimore City Charter, Art. I § 1. *See e.g.*, *Upman v. Howard Cnty. Police Dep't*, Civ. No. RDB-09-1547, 2010 WL 1007844, at *2 (D. Md. Mar. 17, 2010). For the sake of simplicity, in this Memorandum, the Court refers to the Mayor and City Council of Baltimore as the "City."

#### B. Plaintiff Failed to Establish Article III Standing.

A plaintiff's standing to sue is required to "present a case or controversy between themselves and the defendants within the meaning of Article III of the Constitution." *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 994 (D. Md. 2002), *aff'd*, 92 F. App'x 933 (4th Cir. 2004) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 102 (1998)). "Standing, therefore, is a fundamental component of a court's subject-matter jurisdiction." *Id.* (citation omitted). To establish standing, a plaintiff must show: (1) the plaintiff has suffered a concrete and particularized injury;

(2) the injury is fairly traceable to the actions of the defendant; and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). To survive a motion to dismiss based on standing, the plaintiff has the burden to allege facts demonstrating each element. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31 (1990).

Here, Plaintiff has failed to establish Article III standing as she is unable to make any of the three required showings. The parts of Plaintiff's Complaint that refer to her case and are not copied from the Chicago Complaint reference issues with her private landlord, not with the City. Any alleged harm is not traceable to the City because there is no allegation that any Baltimore City official knew of Plaintiff's disabled status and then took any action against her based on her disabled status.[1] Lastly, because she cannot connect the City's actions to her alleged harm, Plaintiff does not provide any explanation as to how her alleged injury will be redressed by a favorable decision.

### C. Plaintiff Failed to State Plausible Claims for Relief.

Plaintiff fails to plead any claims for which relief can be granted because her claims are based on alleged actions by another city, Chicago, that occurred years ago. Plaintiff fails to allege sufficient facts to support a plausible claim that the City is responsible for taking any action with any discriminatory intent or motive.

The three federal accessibility laws under which Plaintiff brings her claims have nearly identical standards for liability. The ADA prohibits discrimination "by reason of . . . disability," 42 U.S.C. § 12132; the Fair Housing Act prohibits discrimination because of "a person's disability," 42 U.S.C. § 3604(f); and Section 504 of the Rehabilitation Act prohibits discrimination "solely by reason of" a person's disability, 29 U.S.C. § 794(a).

---

[1] Plaintiff also alleges harm to the elderly and disabled populations in Baltimore at large. Plaintiff is unable to bring a cause of action on behalf of other unknown third parties.

At the motion-to-dismiss stage, a plaintiff need not establish a prima facie case of discrimination under *McDonell-Douglas* but must instead satisfy the pleading standard established in *Iqbal* and *Twombly*. *See Woods v. City of Greensboro*, 855 F.3d 639, 648 (4th Cir. 2017); *Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for all civil actions, . . . and it applies to antitrust and discrimination suits alike . . . .") (citations omitted). That is, a plaintiff does not need to allege facts sufficient to establish all elements of a prima facie case of employment discrimination or retaliation to avoid dismissal under Rule (12)(b)(6). She must, however, allege sufficient facts to support a reasonable inference that an adverse action was motivated by unlawful discrimination or retaliation. *See McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584–86 (4th Cir. 2015); *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010) (holding that a complaint must "establish a plausible basis for believing . . . that race was the true basis for [the adverse employment action]"), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012).

Here, Plaintiff fails to allege that the City took any action against her because of any disability. The Complaint does not allege that any Baltimore City official or agency was aware of Plaintiff's disability or acted in any discriminatory manner towards her. Plaintiff cannot allege that the City provided her with housing that violated any federal law because Plaintiff has a lease with a private landlord, not with the City.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Document will be DENIED as moot,[2] and Defendant's Motion to Dismiss will be GRANTED. This matter shall be dismissed without prejudice.

A separate Order will follow.

DATE: 2/10/25

_____
Matthew J. Maddox
United States District Judge

---

[2] The document Plaintiff seeks to file does not establish standing, nor does it assist Plaintiff in stating a plausible claim for relief.